# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| TY R. THOMPSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CAUSE NO. 1:14-cv-00282-SLC |
| COMMISSIONER OF SOCIAL SECURITY, *sued as Nancy A. Berryhill, Commissioner of Social Security*,[1] | ) ) ) ) ) |
| Defendant. | ) |

## OPINION AND ORDER

Plaintiff Ty R. Thompson brought this suit to contest a denial of disability benefits by Defendant Commissioner of Social Security ("Commissioner"). (DE 1). On April 19, 2015, pursuant to the parties' joint motion to remand (DE 18), the Court entered an Order that reversed the Commissioner's denial of benefits and remanded the case for further proceedings. (DE 19; DE 20).

Thompson's attorney, Joseph Shull, now moves pursuant to 42 U.S.C. § 406(b) for the Court's authorization of attorney fees in the amount of $14,618.00 for his representation of Thompson in federal court. (DE 26). The Commissioner has no objection to Shull's request for fees (DE 29), and thus, the motion is ripe for ruling. For the following reasons, Shull's motion for attorney fees will be GRANTED, subject to an offset and an adjustment explained herein.

### *A. Factual and Procedural Background*

On September 15, 2014, Shull entered into a contingent fee agreement with Thompson

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security, *see Casey v. Berryhill*, 853 F.3d 322 (7th Cir. 2017), and thus, she is automatically substituted for Carolyn W. Colvin in this case, *see* Fed. R. Civ. P. 25(d).

for his representation of Thompson in federal court.[2]  (DE 27-4).  The agreement provided that Shull would "charge and receive as his fee an amount equal to twenty-five percent (25%) of the past-due benefits which are awarded to [Thompson and his family] in the event [his] case is won."  (DE 27-4).

On September 16, 2014, Thompson filed the instant action with this Court, appealing the Commissioner's denial of his application for disability benefits.  (DE 1).  On April 8, 2015, pursuant to the parties' joint motion to remand (DE 18), Thompson received a favorable judgment from this Court, and the case was remanded to the Commissioner for further proceedings.  (DE 19; DE 20).

On June 23, 2015, Thompson filed a request for attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, seeking payment for the 24.75 hours that Shull spent advocating his claim in federal court.  (DE 22 to DE 25).  The Court granted Thompson an EAJA fee award of $4,727.25.  (DE 25).

On June 8, 2016, the Commissioner sent a notice of award to Thompson, stating that he was entitled to monthly disability benefits beginning August 2011 and past-due benefits in the amount of $46,037.80 for himself and $24,322.00 for his child.  (DE 27-1 at 1; DE 27-2 at 1).  The notice further explained that the Commissioner had withheld 25 percent of Thompson's past-due benefits to pay his attorneys and that any remainder after doing so would be sent to Thompson.  (DE 27-1 at 3; DE 27-2 at 2).

On October 25, 2016, the Commissioner sent a letter to Shull stating that it had been withholding $14,618.00—which it stated was the balance of 25% of the past-due benefits

---

[2] The most common fee arrangement between attorneys and Social Security claimants is the contingent fee agreement.  *Gisbrecht v. Barnhart*, 535 U.S. 789, 800 (2002).

2

payable to Thompson. (DE 27-3). The Commissioner acknowledged that it had already paid $6,000 in attorney fees under § 406(a), which Shull represents was paid to Attorney Ann Tryznka who represented Thompson at the administrative level. (DE 27-3). On April 13, 2017—approximately 10 months after Thompson received his disability benefits award—Shull filed the instant motion seeking fees under § 406(b). (DE 26).

### *B. Legal Standard*

Fees for representing Social Security claimants, both administratively and in federal court, are governed by 42 U.S.C. § 406. *Gisbrecht*, 535 U.S. at 793-94. Section 406(a) controls fees for representation in administrative proceedings, and § 406(b) controls attorney fees for representation in court. *Id*. Unlike fees obtained under the EAJA,[3] the fees awarded under § 406 are charged against the claimant, not the government. *Id*. at 796.

Under § 406(a), an attorney who has represented a claimant may file a fee petition or fee agreement with the Commissioner to receive fees for his or her representation at the administrative level. 42 U.S.C. § 406(a); *Gisbrecht*, 535 U.S. at 794-95; 20 C.F.R. §§ 404.1725(a), 416.1525(a). There are, however, limits on the amount that the Commissioner can award pursuant to § 406(a). *Gisbrecht*, 535 U.S. at 794-95.

Under § 406(b), an attorney who has successfully represented a claimant in federal court may receive "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . ."[4] 42

---

[3] The EAJA is a fee-shifting statute wherein the government pays attorney fees to a prevailing party when the government's position was not "substantially justified." 28 U.S.C. § 2412(d)(1)(A).

[4] "Collecting or even demanding from the client anything more than the authorized allocation of past-due benefits is a criminal offense." *Gisbrecht*, 535 U.S. at 796 (citing 42 U.S.C. §§ 406(a)(5), (b)(2); 20 C.F.R. §§ 404.1740-1799).

U.S.C. § 406(b)(1)(A); *Gisbrecht*, 535 U.S. at 795. Furthermore, § 406(b) has been harmonized with the EAJA; although fee awards may be made under both the EAJA and § 406(b), a claimant's attorney must refund to the claimant the amount of the smaller fee that the attorney received. *Gisbrecht*, 535 U.S. at 796 (explaining that "an EAJA award offsets an award under Section 406(b)").

Unlike the award by the Commissioner under § 406(a), the court is required under § 406(b) to review for reasonableness the attorney fees yielded by contingent fee agreements. *Id.* at 809. The Supreme Court has explained:

> Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered. Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved.

*Id*. at 807-08 (citations and footnotes omitted). "A petition for fees under § 406(b)(1) must be brought within a reasonable time." *Smith v. Bowen*, 815 F.2d 1152, 1156 (7th Cir. 1987).

*C. Discussion*

The Court is charged with determining whether Shull's requested fee of $14,618.00 under the contingent fee agreement and § 406(b) is "a reasonable fee for such representation, not in excess of 25 percent of [Thompson's] total past-due benefits . . . ." 42 U.S.C. § 406(b)(1)(A). The communications from the Commissioner indicate that Thompson was awarded past-due benefits in the amount of $46,037.80 for himself and $24,322.00 for his child. (DE 27-1 at 1; DE 27-2 at 1). It is evident that the fee amount that Shull requests, $14,618.00 does not exceed 25% of Thompson's total past-due benefits.

4

Shull contends that his requested fee award of $14,618.00 is reasonable for the 24.75 hours he spent representing Thompson in federal court. (DE 24). He emphasizes that (1) he achieved a good result for Thompson; (2) he provided Thompson with effective and efficient representation, which he attributes to his significant experience and knowledge in the area of Social Security disability law; (3) the requested fee reflects the contingent nature of the recovery; and (4) it is in alignment with the fees of other attorneys in the local market. (DE 27 at 8-11).

Shull did obtain a good result for Thompson and undoubtedly provided him with quality representation. *See Gisbrecht*, 535 U.S. at 808; *Brown v. Barnhart*, 270 F. Supp. 2d 769, 772 (W.D. Va. 2003) (considering in a § 406(b) analysis that counsel had handled 900 or more Social Security cases and achieved a large measure of success for his client). This Court acknowledges Shull's numerous years of experience and significant knowledge in the area of Social Security disability law. (DE 28 (describing in detail Shull's professional experience in the area of Social Security law)). Of course, this case was not particularly complex, as Shull advanced two arguments on appeal, neither involving a novel or complicated issue.[5] *See Schaffner v. Comm'r of Soc. Sec.*, No. 1:07-cv-00567, 2010 WL 3894580, at *2 (S.D. Ohio Sept. 7, 2010) (considering when discounting a lawyer's § 406(b) fee request that the legal work performed, while not entirely "boilerplate," was relatively straightforward and routine, requiring no extensive legal analysis); *Ellick v. Barnhart*, 445 F. Supp. 2d 1166, 1173 (C.D. Cal. 2006) (discounting requested § 406(b) fee where "the issues briefed in the summary judgment motion were neither novel nor complex").

---

[5] On appeal, Thompson challenged the weight assigned to the various medical source opinions of record and the ALJ's discounting of his symptom testimony. (DE 16 at 6-15).

The Court further notes that Shull requested and received two 28-day extensions during the briefing process due to his busy schedule. (DE 12 to DE 15). Nonetheless, there is no indication that he was responsible for any unreasonable delay that would contribute to his profit from the accumulation of Thompson's back benefits, *see Gisbrecht*, 535 U.S. at 808, and as noted above, he produced a good result for Thompson.

Shull also emphasizes that he incurred a substantial risk of loss in taking Thompson's case. Shull points to statistics indicating that Social Security claimants who go to court ultimately prevail only about 35% of the time. (DE 27 at 8); *see generally Gisbrecht*, 535 U.S. at 804-07 (explaining the contingent nature of a fee under § 406(b)); *Hussar-Nelson v. Barnhart*, No. 99 C 0987, 2002 WL 31664488, at *3 (N.D. Ill. Nov. 22, 2002) ("[T]here is a great risk of loss in social security disability appeals at the district court level because a substantial evidence standard of review governs rather than a de novo standard . . . . [and] because there are no settlements."). Based on these statistics, Shull explains that he needs to recover at least 2.7 times greater fees in contingent fee cases than in non-contingent fee cases to compensate for the substantial risk of loss involved in Social Security appeals. (DE 27 at 8); *see Crawford v. Astrue*, 586 F.3d 1142, 1145 (9th Cir. 2009) (considering Social Security advisory board statistics in a § 406(b) fee analysis). To that end, Shull produced the Affidavit of Steven Jackson, a local attorney who is experienced in representing Social Security claimants, in which Jackson states that "a fee of $300./hr. is a fair and reasonable estimate of a non-contingent hourly rate for an attorney doing similar work in the District Court." (DE 27-5 ¶ 8).

Shull's requested fee of $14,618.00 divided by the 24.75 hours he spent on the case in federal court equates to an effective rate of $591 per hour, an amount twice the non-contingent

hourly rate of $300.[6] As such, Shull's requested fee equates to an effective rate akin to those often awarded by this Court. *See, e.g.*, *Rorick v. Colvin*, No. 1:11-CV-00037, 2014 WL 3928488 (N.D. Ind. Aug. 12, 2014) (awarding fee equating to $653.79 per hour); *Harris v. Colvin*, No. 1:11-CV-00405, 2014 WL 3899312 (N.D. Ind. Aug. 11, 2014) (awarding fee equating to $647.61 per hour); *Duke v. Astrue*, No. 1:07-CV-00188, 2010 WL 3522572 (N.D. Ind. Aug. 30, 2010) (awarding fee equating to $549.14 per hour). Accordingly, Shull's requested fee award of $14,618.00 will be authorized by this Court, subject to an offset for the $4,727.25 in EAJA fees that Shull already recovered, reducing the fee award to $9,890.75, *Gisbrecht*, 535 U.S. at 796; (DE 39 at 11 (acknowledging that his § 406(b) award should be offset by the EAJA award of $4,249.70)), and subject to the following adjustment.

Shull filed his § 406(b) fee request 10 months after Thompson was awarded benefits, and thus, there is a timeliness issue as to his fee request. *See Richardson v. Astrue*, No. 07-62-P-H, 2010 WL 2927269, at *2 (D. Me. July 20, 2010) ("[I]t is entirely appropriate for the commissioner *or* the court to raise, and for the court to consider, whether a section 406(b) fee petition has been timely filed." (citations omitted)). The Seventh Circuit Court of Appeals has stated that "a petition for fees under § 406(b)(1) must be brought within a reasonable time." *Smith*, 815 F.2d at 1156.

---

[6] While the Supreme Court in *Gisbrecht* rejected the lodestar approach (which incorporates consideration of a reasonable hourly rate for an attorney) as a starting point to determine the reasonableness of a fee request under § 406(b), *see Gisbrecht*, 535 U.S. at 802, 808, certain aspects of a lodestar approach remain in the calculus; as a result, "[d]istrict courts are left to determine how much of the lodestar approach is still viable." *Brannen v. Barnhart*, No. 1:99-CV-325, 2004 WL 1737443, at *5 (E.D. Tex. July 22, 2004); *see Jeter v. Astrue*, No. 09-30452, 2010 WL 3783666, at *7 (5th Cir. 2010) ("[D]istrict courts may consider the lodestar method in determining the reasonableness of a § 406(b) fee, but the lodestar calculation alone cannot constitute *the* basis for an 'unreasonable' finding."). Here, Shull argued in his supporting memorandum that his requested effective hourly rate is reasonable; consequently, rather than endorsing a strict lodestar approach, the Court is merely responding to Shull's argument concerning his proposed effective rate and considering it as one factor in the analysis. *See Gisbrecht*, 535 U.S. at 807 n.17 (emphasizing that the attorney bears the burden to persuade the Court that the requested fee is reasonable).

7

In *Hill v. Commissioner of Social Security*, this Court held that an attorney's delay of nine months in filing a § 406(b) fee request prejudiced Hill, because it deprived Hill of the timely receipt of the $1,754.75 additional amount withheld from her past-due benefits. No. 1:11-cv-00134-SLC, 2016 WL 2643360, at *5 (N.D. Ind. May 10, 2016). The Court concluded that Hill should not be prejudiced by her attorney's delay. *Id*. Thus, the Court reduced the portion of the attorney's award to an amount equal to the interest on the remaining $1,754.75, calculated pursuant to the statutory interest rate, beginning 90 days after the date of Hill's benefit award through the date the attorney filed his § 406(b) motion, and added it to the $1,754.75 owed to Hill. *Id*.; *see Cox v. Astrue*, No. 3:07-cv-234, 2011 WL 2692910, at *2 (N.D. Ind. July 11, 2011) (finding a two-year interval between attorney's receipt of a notice of award and his filing of a § 406(b) request to be *per se* unreasonable); *Scharlatt v. Astrue*, No. C 04-4724, 2008 WL 5000531, at *6 (N.D. Cal. Nov. 21, 2008) (reducing the amount of the § 406(b) award where the attorney's 18-month delay deprived plaintiff of the timely receipt of an additional amount of past-due benefits); *Garland v. Astrue*, 492 F. Supp. 2d 216, 221-22 (E.D.N.Y. 2007) (denying a § 406(b) fee award where the attorney delayed nine months in filing the motion).

Here, Shull filed the instant motion 10 months after the Commissioner awarded Thompson benefits. This delay has prejudiced Thompson in that it has deprived him of the timely receipt of the additional amount of $4,727.25 withheld from his past-due benefits. Thompson should not be prejudiced by his attorney's delay. Accordingly, the Court will order that Shull's portion of the fee award be reduced to account for the prejudice that resulted to Thompson because of this delay. More particularly, the Commissioner will be directed to deduct from the portion due to Shull, an amount equal to the interest on the $4,727.25 owed to Thompson, as calculated pursuant to the statutory interest rate, beginning September 5, 2016,

8

which is 90 days after Thompson was awarded benefits, through April 13, 2017, the date the instant motion was filed, and add it to the $4,727.25 owed to Thompson. Shull, then, is to receive the remaining balance of the fee award.

### *D. Conclusion*

For the foregoing reasons, Shull's Motion for Authorization of Attorney Fees Pursuant to 42 U.S.C. § 406(b) (DE 26) is GRANTED, except that his requested fee of $14,618.00 is reduced by the amount of Shull's prior EAJA fee award ($4,727.25), further reduced by interest on $4,727.25, calculated at the statutory interest rate, for the period of September 6, 2016, through April 13, 2017. Accordingly, the Commissioner is ORDERED to distribute $4,727.25 to Thompson, plus interest, calculated at the statutory interest rate, for the period of September 6, 2016, through April 13, 2017; and to distribute the remaining balance of the fee award to Shull.

SO ORDERED.

Entered this 27th day of April 2017.

/s/ Susan Collins
Susan Collins,
United States Magistrate Judge